**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Plaintiff and the Class*

[Additional counsel on signature page]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | Civil Action No.: |
| JOHN GIBSON, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | |
| *Plaintiff,* | : | **CLASS ACTION COMPLAINT** |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| SCYNEXIS, INC., MARCO TAGLIETTI, ERIC FRANCOIS, YVES J. RIBEILL, JONATHAN SEARS WOODALL and CHARLES F. OSBORNE, | : | |
| | : | |
| *Defendants.* | : | |

Plaintiff John Gibson ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding SCYNEXIS, Inc. ("Scynexis" or the "Company"), analysts' reports and advisories about the

Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial

evidentiary support will exist for the allegations set forth herein after a reasonable opportunity

for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all

persons other than defendants who purchased or otherwise acquired Scynexis securities: (1)

pursuant and/or traceable to Scynexis' false and misleading Registration Statement and

Prospectus, issued in connection with the Company's initial public offering on or about May 2,

2014 (the "IPO" or the "Offering"); and/or (2) on the open market between May 2, 2014 and

March 2, 2017, both dates inclusive (the "Class Period"), seeking to recover damages caused by

defendants' violations of the Securities Act of 1933 (the "Securities Act") and the Securities

Exchange Act of 1934 (the "Exchange Act").

2.     Scynexis, Inc. is a pharmaceutical company that develops and distributes

intravenous drugs for the treatment of serious and life-threatening invasive fungal infections in

humans.

3.     Founded in 1999, the Company was formerly known as Scynexis Chemistry &

Automation, Inc. and changed its name to Scynexis, Inc. in June 2002.  The Company is

headquartered in Jersey City, New Jersey. Scynexis's stock trades on the NASDAQ under the

ticker symbol "SCYX."

4.     Throughout the Class Period, Defendants made materially false and misleading

statements regarding the Company's business, operational and compliance policies. Specifically,

Defendants made false and/or misleading statements and/or failed to disclose that: (i) Scynexis's

lead product candidate, SCY-078, entailed substantial undisclosed health and safety risks; (ii)

consequently, the Company had overstated the drug's approval prospectus and/or commercial viability; and (iii) as a result of the foregoing, Scynexis's public statements were materially false and misleading at all relevant times.

5.      On March 2, 2017, post-market, Scynexis issued a press release, attached as Exhibit 99.1 on Form 8-K, entitled "Scynexis delays initiation of new clinical studies using the IV formulation of SCY-078 at FDA's request," announcing the FDA's clinical hold on clinical trials for the intravenous formulation of the Company's lead product candidate SCY-078, stating in relevant part:

**Scynexis delays initiation of new clinical studies using the IV formulation of SCY-078 at FDA's request**

*Ongoing and future clinical development using the oral formulation of SCY-078 are unaffected*

JERSEY CITY, N.J., March 2, 2017 (GLOBE NEWSWIRE) – Drug development company Scynexis, Inc. (Nasdaq: SCYX) today announced that **the United States Food and Drug Administration (FDA) has informed the Company to hold the initiation of any new clinical studies with the intravenous (IV) formulation of SCY-078 until the FDA completes a review of all available pre-clinical and clinical data of the IV formulation of SCY-078.** Ongoing and future trials using the oral formulation of SCY-078 are unaffected by this regulatory action. A meeting with the FDA to discuss these data and to agree on subsequent clinical studies with the IV formulation of SCY-078 is scheduled for the second quarter of 2017.

**The clinical hold decision was issued by the FDA following a review of three mild-to-moderate thrombotic events in healthy volunteers receiving the IV formulation of SCY-078 at the highest doses and highest concentrations in a Phase 1 study.** The potential contribution of the IV formulation of SCY-078 to these events cannot be ruled out even though rates of thrombotic events due to intravenous catheters reported in the literature are comparable to those observed in the Phase 1 study.

Scynexis is working closely with the FDA to review the data supporting the use of the IV formulation and dose regimen of SCY-078 selected by the Company for its upcoming clinical trials.

(Emphasis added.)

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

9.      Venue is properly laid in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b).  Scynexis's principal executive offices are located within this Judicial District.

10.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11.      Plaintiff, a citizen of Orange County, California, as set forth in the attached Certification, acquired Scynexis securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

12.      Defendant Scynexis is located in New Jersey. The Company's principal executive offices are located at 101 Hudson Street, Suite 3610, Jersey City, New Jersey 07302.  Scynexis's

shares trade on the NASDAQ under the ticker symbol "SCYX."

13.     Defendant Marco Taglietti ("Taglietti") has served as the Company's Chief
Executive Officer ("CEO") since April 1, 2015, and as President since September 24, 2015.

14.     Defendant Eric Francois ("Francois") has served as the Company's Chief
Financial Officer ("CFO") since November 2, 2015.

15.     Defendant Yves J. Ribeill ("Ribeill") founded and served as the Company's CEO
from November 1999 to April 1, 2015, and as President from November 1999 to July 2015.

16.     Defendant Jonathan Sears Woodall ("Woodall") served as the Company's interim
CFO from July 22, 2015 until November 2, 2015.

17.     Defendant Charles F. Osborne Jr. ("Osborne") served as the Company's CFO
from November 2003 until his resignation on June 30, 2015.

18.     The defendants referenced above in ¶¶ 13-17 are sometimes referred to herein as
the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

19.     Scynexis, Inc. is a pharmaceutical company that develops and distributes
intravenous drugs for the treatment of serious and life-threatening invasive fungal infections in
humans.

20.     On February 27, 2014, Scynexis filed a registration statement on Form S-1 with
the SEC in connection with the IPO.  The registration statement was subsequently amended
several times, with the final amended registration statement filed on Form S-1/A with the SEC
on April 30, 2014 (collectively, the "Registration Statement").

21.     The Registration Statement contained a preliminary prospectus.  The final prospectus (the "Prospectus") was filed with the SEC on May 2, 2014.  The SEC declared the Registration Statement effective on that same day.

22.     On or about May 2, 2014, the Company completed its IPO, issuing 6,200,000 shares, with an initial public offering price of $10.00 per share and raising net proceeds of approximately $62 million.

**Materially False and Misleading Statements Issued During the Class Period**

23.     On May 2, 2014, Scynexis filed its Prospectus with the SEC, which forms part of the Registration Statement.  In the Prospectus, the Company stated, in relevant part:

**Overview**

Scynexis is a pharmaceutical company committed to the discovery, development and commercialization of novel anti-infectives to address significant unmet therapeutic needs. ***We are developing our lead product candidate, SCY-078, as a novel oral and intravenous (IV) drug for the treatment of serious and life-threatening invasive fungal infections in humans***. SCY-078 has been shown to be effective *in vitro* and *in vivo* in animal studies against a broad range of *Candida* and *Aspergillus* fungal species, including drug resistant strains. These important pathogens account for approximately 85% of invasive fungal infections in the United States and Europe. ***SCY-078 was shown to be sufficiently safe and well-tolerated in multiple Phase 1 studies to support progression to Phase 2 studies.*** We anticipate that the first patient will be enrolled in the second half of 2014 in a Phase 2 study with an oral formulation of SCY-078 for the treatment of invasive *Candida* infection, a common and often fatal invasive fungal infection, and anticipate beginning studies with an IV formulation of SCY-078 in 2015.

***

SCY-078 represents a new chemical class of drugs designed to block an established target in infectious fungi. We have conducted studies of SCY-078 using animal models that were used in the development of previously approved anti-fungal drugs where these models were proven to be predictive of efficacy in humans. Using these well-established animal models, SCY-078 was shown to be highly active against *Candida* and *Aspergillus*. SCY-078 has shown potent *in vitro* activity against a large collection of medically relevant strains of *Candida* and *Aspergillus*, including multi-drug resistant strains that have been isolated from infected patients. Across seven Phase 1 studies, which included over 100 healthy human volunteers, SCY-078 achieved sustained blood concentrations

6

at levels believed to be clinically relevant (those predicted to have a therapeutic effect) and was sufficiently safe and well tolerated to support progression to Phase 2 studies. We are developing both an IV and oral formulation of SCY-078 because patients are typically prescribed IV treatment in hospitals, and then are switched, or "stepped down," to oral formulations when the patient shows sufficient improvement of symptoms. The availability of SCY-078 in both oral and IV formulations would allow patients to remain within the same drug class and potentially be discharged from the hospital sooner.

(Emphasis added.)

24.     The Registration Statement was signed by Defendants Ribeill and Osbourne.

25.     On June 16, 2014, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2014 (the "Q1 2014 10-Q").  For the quarter, Scynexis reported net income of $410,000, or -$6.57 per diluted share, on revenue of $4.71 million.

26.     The Q1 2014 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Ribeill and Osborne, stating that the financial information contained in the Q1 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

27.     On August 13, 2014, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2014 (the "Q2 2014 10-Q").  For the quarter, Scynexis reported net income of $2.23 million, or -$0.98 per diluted share, on revenue of $70,000.

28.     The Q2 2014 10-Q contained signed certifications pursuant to the SOX by Defendants Ribeill and Osborne, stating that the financial information contained in the Q1 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

29.     On November 13, 2014, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended September 30, 2014 (the "Q3 2014 10-Q").  For the quarter, Scynexis reported a net loss of $3.80 million, or $0.45 per diluted share, on revenue of $60,000.

30.     The Q3 2014 10-Q contained signed certifications pursuant to the SOX by Defendants Ribeill and Osborne, stating that the financial information contained in the Q3 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

31.     On March 30, 2015, Scynexis filed an annual report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter ended December 31, 2014 (the "2014 10-K").  For the quarter, Scynexis reported a net loss of $3.08 million, or $0.36 per diluted share, on revenue of $1.06 million.  For fiscal year 2014, Scynexis reported a net loss of $4.23 million, or $2.69 per diluted share, on revenue of $1.26 million.

32.     In the 2014 10-K, the Company stated, in relevant part:

**Overview**

Scynexis is a pharmaceutical company committed to the discovery, development and commercialization of novel anti-infectives to address significant unmet therapeutic needs. We are developing our lead product candidate, SCY-078, as a novel oral and intravenous (IV) drug for the treatment of serious and life-threatening invasive fungal infections in humans. SCY-078 has been shown to be effective *in vitro* and *in vivo* in animal studies against a broad range of *Candida* and *Aspergillus* species, including drug resistant strains.  These important pathogens account for approximately 85% of invasive fungal infections in the United States and Europe. ***SCY-078 was shown to be sufficiently safe and well-tolerated in multiple Phase 1 studies to support progression to Phase 2 studies***. We have opened multiple trial sites, are actively screening patients, and recently enrolled the first patient in March 2015 in a Phase 2 study with the oral formulation of SCY-078 for the treatment of invasive *Candida* infection, a common and often fatal invasive fungal infection. We anticipate beginning Phase 1 studies with an IV formulation of SCY-078 in the second half of 2015. In addition to pursuing the development of SCY-078, we have additional compounds similar to SCY-078 and related expertise that we may use to expand our

antifungal portfolio. We also provide contract research and development services primarily in the field of animal health, which currently generate substantially all of our revenue. Our previous drug discovery initiatives produced clinical and preclinical programs based on the use of cyclophilin inhibitors to treat viral diseases, which we have licensed to a partner for continued development and commercialization.

(Emphasis added.)

33.     The 2014 10-K contained signed certifications pursuant to the SOX by Defendants Ribeill and Osborne, stating that the financial information contained in the 2014 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

34.     On May 15, 2015, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2015 (the "Q1 2015 10-Q").  For the quarter, Scynexis reported a net loss of $6.38 million, or $0.75 per diluted share, on revenue of $70,000, compared to net income of $410,000, or -$6.57 per diluted share, on revenue of $4.71 million for the same period in the prior year.

35.     The Q1 2015 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Osborne, stating that the financial information contained in the Q1 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

36.     On August 19, 2015, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 10-Q").  For the quarter, Scynexis reported a net loss of $9.50 million, or $0.78 per diluted share, on revenue of $60,000, compared to net income of $2.23 million, or -$0.98 per diluted share, on revenue of $70,000 for the same period in the prior year.

37.     The Q2 2015 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Woodall, stating that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

38.     On November 13, 2015, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 10-Q").  For the quarter, Scynexis reported a net loss of $8.36 million, or $0.60 per diluted share, on revenue of $60,000, compared to a net loss of $3.80 million, or $0.45 per diluted share, on revenue of $60,000 for the same period in the prior year.

39.     The Q3 2015 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Francois, stating that the financial information contained in the Q3 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

40.     On March 7, 2016, Scynexis filed an annual report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter ended December 31, 2015 (the "2015 10-K").  For the quarter, Scynexis reported a net loss of $8.39 million, or $0.71 per diluted share, on revenue of $60,000, compared to a net loss of $3.08 million, or $0.36 per diluted share, on revenue of $1.06 million, for the same period in the prior year.  For fiscal year 2015, Scynexis reported a net loss of $32.62 million, or $2.68 per diluted share, on revenue of $260,000, compared to a net loss of $4.23 million, or $2.69 per diluted share, on revenue of $1.26 million for fiscal year 2014.

41.     In the 2015 10-K, the Company stated in relevant part:

Scynexis is a pharmaceutical company committed to the development and commercialization of novel anti-infectives to address significant unmet

10

therapeutic needs. We are developing our lead product candidate, SCY-078, as a novel oral and intravenous (IV) drug for the treatment of several fungal infections, including serious and life-threatening invasive fungal infections. SCY-078 is a novel and structurally distinct glucan synthase inhibitor that has been shown to be effective *in vitro* and *in vivo* in animal studies against a broad range of *Candida* and *Aspergillus* species, including drug-resistant strains, and we are continuing to conduct additional *in vitro* and *in vivo* studies to further characterize the spectrum of activity of SCY-078. *Candida* and *Aspergillus* species are the fungi responsible for approximately 85% of all invasive fungal infections in the United States and Europe. We have completed multiple Phase 1 studies with the oral formulation of SCY-078 and we are currently conducting our first Phase 1 study with the IV formulation of SCY-078.

\*\*\*

SCY-078 holds both Fast Track and Qualified Infections Disease Product (QIDP) designations for the IV and oral formulations for the indications of invasive candidiasis (including candidemia) and invasive aspergillosis. We expect to complete and report top line data associated with our two Phase 2 studies, our Phase 1 study and our additional *in vitro* and *in vivo* studies by the end of the second quarter of 2016.

\*\*\*

**Clinical Experience with SCY-078**

To date, eight Phase 1 safety and pharmacokinetic studies have been completed using the oral formulation of SCY-078. Four of the eight studies evaluated a single oral dose while four evaluated multiple oral doses of SCY-078.

***SCY-078 consistently showed sufficient safety and tolerability in Phase 1 studies to support progression into Phase 2 studies.***

Approximately 124 healthy subjects have received at least one dose of oral SCY-078 in Phase 1 studies. SCY-078 was generally well tolerated at initial single oral doses of up to 1600mg in one day and doses of up to 800mg per day for 28 consecutive days. ***The majority of reported adverse events have been generally transient and primarily mild to moderate in intensity.***

The most frequently reported adverse events have been gastrointestinal. In multiple dose studies, these included diarrhea, abdominal pain or discomfort, and vomiting. These gastrointestinal side effects were not considered serious in nature and only one subject discontinued dosing with SCY-078 when he withdrew consent due to gastrointestinal adverse events. In one study six subjects who received 800mg SCY-078 daily for 28 days underwent pre-treatment and end-of-treatment gastric endoscopy with biopsy, with no evidence of stomach lining degeneration or other significant clinical finding observed. None of the

66 subjects receiving SCY-078 in the four Phase 1 studies in which serum gastrin levels were monitored exhibited levels outside the normal range.

\*\*\*

***No other serious adverse events deemed related to study drug have been reported in any of the Phase 1 studies completed to date.***

\*\*\*

### Current SCY-078 Clinical Development Activities

***Based on results from studies to date, we believe that SCY-078 has the potential to offer a new therapeutic option to treat several fungal infections, including serious and invasive fungal infections.*** The goal of the clinical development plan for SCY-078 is to provide sufficient safety and efficacy data for submission and FDA approval of an NDA.

We anticipate that our initial NDA submission would seek approval for an indication for oral and IV formulations of SCY-078 for the treatment of invasive Candida infections (or invasive candidiasis). We expect additional Phase 3 and post-market studies, and supplemental NDAs, to expand the list of indications to include treatment of invasive Aspergillus infections, recurrent vulvovaginal candidiasis and prevention of invasive fungal infections.

(Emphasis added.)

      42.     The 2015 10-K contained signed certifications pursuant to the SOX by Defendants Taglietti and Francois, stating that the financial information contained in the 2015 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

      43.     On May 9, 2016, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2016 (the "Q1 2016 10-Q").  For the quarter, Scynexis reported a net loss of $7.18 million, or $0.52 per diluted share, on revenue of $60,000, compared to a net loss of $6.38 million, or $0.75 per diluted share, on revenue of $70,000 for the same period in the prior year.

44.     In the Q1 2016 10-Q, the Company stated in relevant part:

*SCY-078 Development*

We are conducting a multicenter Phase 2 study with primary endpoints of safety, tolerability, and pharmacokinetics of the oral formulation of SCY-078 as step-down treatment in patients initially treated with echinocandin therapy for invasive Candida infections. We expect to complete enrollment in June 2016 and to have top line data available in July 2016.

We are conducting a multicenter Phase 2 study with primary endpoints of safety and efficacy of the oral formulation of SCY-078 in patients with VVC. We completed enrollment of our Phase 2 study in VVC and we expect to have top line results available in June 2016. This study is also expected to evaluate the potential therapeutic effect of orally administered SCY-078 in a clinical condition caused by Candida spp. and, along with the other clinical and nonclinical data from ongoing and planned activities, we expect the study may contribute to the package of information that will support subsequent phases of development of SCY-078.

***We investigated the safety, tolerability and pharmacokinetics of single and multiples doses of an IV formulation of SCY-078. This first IV formulation of SCY-078 exhibited a linear dose proportionality profile, showed good systemic tolerability after IV administration and allowed us to determine the doses needed to achieve the target exposure.*** However, reversible mild to moderate local infusion site reactions (i.e., local redness, swelling, pain) were observed with high doses and repeat infusions. Based on these findings, we have concluded that an optimized formulation is needed to achieve the desirable dose regimen with ideal tolerability. Since we have been developing multiple IV formulations with different characteristics, we are now planning to test an alternative IV formulation whose attributes, we believe, will improve local tolerability. Clinical testing of the optimized formulation in single- and multiple-ascending-dose studies are scheduled to start in the second quarter of 2016, which we expect will be completed in the third quarter of 2016. As initially planned, we are expecting to initiate the subsequent stages of our development program in the fourth quarter of 2016 for the treatment of invasive fungal infections that are refractory to or intolerant of standard antifungal agents and in the first half of 2017 for the treatment of invasive Candida infections.

We recently filed our annual Development Safety Update Report (DSUR) to the FDA and the DSUR does not reveal any new clinical or nonclinical information that changes the overall safety profile of SCY-078, relative to the previous knowledge of this investigational drug. Currently, more than 200 subjects and patients have been exposed to SCY-078.

Both the oral and IV formulations of SCY-078 have been granted QIDP designation and fast track designation by the FDA for both invasive candidiasis and invasive aspergillosis. The fast track designation, coupled with the QIDP

designation, allows for a potentially accelerated path to approval and underscores the FDA's understanding of the critical need for new and varied treatments for life-threatening invasive fungal infections. Additionally, in April 2016, the Company was granted Small and Medium Sized Enterprise (SME) status by the European Medicines Agency.

(Emphasis added.)

45.     The Q1 2016 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Francois, stating that the financial information contained in the Q1 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

46.     On August 8, 2016, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2016 (the "Q2 2016 10-Q").  For the quarter, Scynexis reported a net loss of $8.13 million, or $0.56 per diluted share, on revenue of $60,000, compared to a net loss of $9.50 million, or $0.78 per diluted share, on revenue of $60,000 for the same period in the prior year.

47.     The Q2 2016 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Francois, stating that the financial information contained in the Q2 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

48.     On November 7, 2016, Scynexis filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 10-Q").  For the quarter, Scynexis reported a net loss of $11.23 million, or $0.48 per diluted share, on revenue of $60,000, compared to a net loss of $8.36 million, or $0.60 per diluted share, on revenue of $60,000 for the same period in the prior year.

49.     The Q3 2016 10-Q contained signed certifications pursuant to the SOX by Defendants Taglietti and Francois, stating that the financial information contained in the Q3

2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

50.     The statements referenced in ¶¶ 24-49 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Scynexis's lead product SCY-078 entailed substantial undisclosed health and safety risks; (ii) consequently, the Company had overstated the drug's approval prospectus and/or commercial viability; and (iii) as a result of the foregoing, Scynexis's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

51.     On March 2, 2017, post-market, Scynexis issued a press release, attached as Exhibit 99.1 on Form 8-K, entitled "Scynexis delays initiation of new clinical studies using the IV formulation of SCY-078 at FDA's request," announcing the FDA's clinical hold on clinical trials for the intravenous formulation of the Company's lead product candidate SCY-078, stating in relevant part:

**Scynexis delays initiation of new clinical studies using the IV formulation of SCY-078 at FDA's request**

*Ongoing and future clinical development using the oral formulation of SCY-078 are unaffected*

JERSEY CITY, N.J., March 2, 2017 (GLOBE NEWSWIRE) – Drug development company Scynexis, Inc. (Nasdaq: SCYX) today announced that ***the United States Food and Drug Administration (FDA) has informed the Company to hold the initiation of any new clinical studies with the intravenous (IV) formulation of SCY-078 until the FDA completes a review of all available pre-clinical and clinical data of the IV formulation of SCY-078.*** Ongoing and future trials using the oral formulation of SCY-078 are unaffected by this regulatory action. A meeting with the FDA to discuss these data and to agree on subsequent clinical

studies with the IV formulation of SCY-078 is scheduled for the second quarter of 2017.

***The clinical hold decision was issued by the FDA following a review of three mild-to-moderate thrombotic events in healthy volunteers receiving the IV formulation of SCY-078 at the highest doses and highest concentrations in a Phase 1 study.*** The potential contribution of the IV formulation of SCY-078 to these events cannot be ruled out even though rates of thrombotic events due to intravenous catheters reported in the literature are comparable to those observed in the Phase 1 study.

Scynexis is working closely with the FDA to review the data supporting the use of the IV formulation and dose regimen of SCY-078 selected by the Company for its upcoming clinical trials.

(Emphasis added.)

52.     On this news, Scynexis's share price fell $0.57, or 17.43%, to close at $2.70 on March 3, 2017.

53.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Scynexis securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any judicial officers who handle this matter, as well as members of their immediate families and the staff of such judicial officers.

55.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Scynexis securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Scynexis or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

56.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

57.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

58.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Scynexis;

- whether the Individual Defendants caused Scynexis to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Scynexis securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

59.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

60.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Scynexis securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Scynexis securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

61.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

62.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

63.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

64.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

65.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Scynexis securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Scynexis securities and options at artificially inflated prices.  In furtherance of

this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

66.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each Defendant participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Scynexis securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Scynexis's finances and business prospects.

67.    By virtue of their positions at Scynexis, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.   These  acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

68.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Scynexis, the Individual Defendants had knowledge of the details of Scynexis's internal affairs.

69.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Scynexis.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Scynexis's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Scynexis securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Scynexis's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Scynexis securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

70.     During the Class Period, Scynexis securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Scynexis securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired the Scynexis securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Scynexis securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Scynexis

securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

71.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

72.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

73.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

74.     During the Class Period, the Individual Defendants participated in the operation and management of Scynexis, and conducted and participated, directly and indirectly, in the conduct of Scynexis's business affairs.  Because of their senior positions, they knew the adverse non-public information about Scynexis's misstatement of income and expenses and false financial statements.

75.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Scynexis's financial condition and results of operations, and to correct promptly any public statements issued by Scynexis which had become materially false or misleading.

76.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings that Scynexis disseminated in the marketplace during the Class Period concerning Scynexis's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Scynexis to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Scynexis within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged, which artificially inflated the market price of Scynexis securities.

77.     Each of the Individual Defendants, therefore, acted as a controlling person of Scynexis.  By reason of their senior management positions and/or being directors of Scynexis, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Scynexis to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Scynexis and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

78.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Scynexis.

## COUNT III

**(Violations of Section 11 of the Securities Act Against All Defendants)**

79.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

80.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C.
§77k, on behalf of the Class, against the Individual Defendants.

81.     The Registration Statement for the IPO was inaccurate and misleading, contained
untrue statements of material facts, omitted to state other facts necessary to make the statements
made not misleading, and omitted to state material facts required to be stated therein.

82.     Scynexis is the registrant for the IPO. Individual Defendants named herein were
responsible for the contents and dissemination of the Registration Statement.

83.     As issuer of the shares, Scynexis is strictly liable to Plaintiff and the Class for the
misstatements and omissions.

84.     None of the Individual Defendants named herein made a reasonable investigation
or possessed reasonable grounds for the belief that the statements contained in the Registration
Statement were true and without omissions of any material facts and were not misleading.

85.     By reasons of the conduct herein alleged, each Individual Defendant violated,
and/or controlled a person who violated Section 11 of the Securities Act.

86.     Plaintiff acquired Scynexis securities pursuant and/or traceable to the Registration
Statement for the IPO.

87.     Plaintiff and the Class have sustained damages. The value of Scynexis securities
has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT IV

**(Violations of Section 15 of the Securities Act Against the Individual Defendants)**

88.     Plaintiff repeats and incorporates each and every allegation contained above as if
fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

89.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

90.     The Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Scynexis within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Scynexis to engage in the acts described herein.

91.     The Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

92.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: March 8, 2017

**LITE DEPALMA GREENBERG, LLC**

/s/ *Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 8, 2017

**LITE DEPALMA GREENBERG, LLC**

/s/ *Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*